## Mary E. Keenan, Defendant in Error, v. Max Goodman, Plaintiff in Error.

### Gen. No. 17,346.

1. FORCIBLE ENTRY AND DETAINER—*must be reasonable demand for specific amount.* Where premises were leased under a written agreement acknowledging receipt of rent for the full term and providing that if plaintiff should convey the premises to defendant before the expiration of the lease under a contract of sale then existing, defendant should receive credit on the purchase price for the amount paid for rent, taxes, repairs, etc., plaintiff, having made demand between 9 and 10 o'clock P. M. for immediate possession, defendant having refused to accept a warranty deed and complete the purchase, plaintiff cannot maintain forcible entry and detainer, since such demand was unfair and not for a specific amount then ascertained.

2. FORCIBLE ENTRY AND DETAINER—*where time is not of the essence of the contract, vendor must place purchaser in statu quo.* Where a purchaser refuses to complete the terms of a contract of sale on demand, time not being of the essence of the contract and there being no provision that the money paid should be forfeited, the vendor cannot rescind and maintain an action in forcible entry and retainer without first placing defendant *in statu quo.*

3. FORCIBLE ENTRY AND DETAINER—*when defendant refuses to complete contract of purchase.* An action in forcible entry and detainer cannot be maintained upon defendant's refusal to complete a contract of purchase where he is in possession of the premises under an unexpired lease from plaintiff with rent fully paid.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed December 11, 1912.

J. G. GROSSBERG and GEORGE M. WEICHELT, for plaintiff in error.

PATRICK J. O'SHEA, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted by Max Goodman to review the record of a proceeding in forcible entry and detainer instituted against him in the Municipal Court by Mary E. Keenan, wherein, upon a trial by the court without a jury, plaintiff in error was found guilty of unlawfully withholding the possession of the premises involved from defendant in error and judgment was entered on such finding and for costs against plaintiff in error.

On March 9, 1909, a written agreement was executed by Saul G. Lurie and George J. Keenan, the husband of defendant in error. This agreement recites that Lurie agrees to purchase, and George J. and Mary E. Keenan agree to sell and convey certain described premises in Cook County, Illinois, for $7,000; that Lurie has paid $200 as earnest money to be applied on the purchase when consummated, and agrees to pay within five days after title has been examined and found good, or accepted by him, the further sum of $800 at the office of Max Goodman, Chicago, provided a good and sufficient general warranty deed conveying to said Lurie a good and merchantable title to the premises shall then be ready for delivery; that "The balance shall be paid as follows: Subject to a first mortgage of $3,000.00 due in 4 years with interest at 5% per annum; to a second mortgage of $3,000.00 payable $600.00 in one, $600.00 in two and $600.00 in three years respectively and $1,200.00 in four years with in-

terest at the rate of 5½% per annum payable semi-annually.''

It is apparent from what subsequently develops in the course of the transaction that the incumbrance referred to as ''a first mortgage of $3,000,'' was one then existing upon the premises, and that the incumbrance referred to as ''a second mortgage of $3,000,'' was one to be executed by Lurie. The agreement contains certain other recitals and provisions not necessary to be here noticed.

Subsequent to the making of said agreement some question was raised as to the authority of George J. Keenan to act for his wife, who was the owner of the premises and who, as we understand from the record, was then and for sometime thereafter absent in Ireland, where she had refused to execute a deed which had been sent to her.

Lurie was the son-in-law of Goodman, the plaintiff in error, and the agreement above mentioned was made for the benefit of Goodman to whom the premises were to be conveyed by Lurie. After Mrs. Keenan had refused to execute a deed of the premises George J. Keenan, as agent for his wife, on April 14, 1909, executed an instrument, whereby he agreed to lease the same premises to Goodman at a rental of $25 per month for an ''indefinite period,'' or until such time as he should be able to deliver a deed properly executed by himself and his wife to Lurie. This instrument further provided that, on delivery of such deed, the lease should become null and void, and the agreement with Lurie should become operative in all its terms with the exception that the three $600 instalments payable annually should be changed to monthly notes of $50 each; that Goodman should be allowed to make such alterations and improvements on the property as he might require at a cost of not to exceed $500; that in the event of Keenan's inability to deliver the deed to Goodman, he should reimburse Goodman the amount

expended for improvements, but in the event of a properly executed deed being tendered to Goodman, the cost of such improvements should be borne by him; that Goodman should advance to Keenan $300 for one year's rent, any unearned balance of which amount should, upon the tender of a deed, be credited to Goodman on the purchase money provided for in the contract with Lurie. Upon the execution of this instrument, Goodman went into possession of the premises and paid to Keenan the $300 for rent in advance. Goodman thereafter paid the taxes for 1909, amounting to $68.18, and also made three semi-annual payments of interest of $75 on the first mortgage incumbrance.

On October 7, 1909, having become dissatisfied with the then existing arrangements, the parties entered into another and final agreement which was acquiesced in and ratified by Mrs. Keenan, as follows:

"This agreement, made by and between George J. Keenan and Mary E. Keenan, by George J. Keenan her agent and attorney in fact, parties of the first part, and Max Goodman, party of the second part, all of the City of Chicago, County of Cook and State of Illinois, is as follows:

"First: The premises known as No. 3145 W. 14th Place, Chicago, Illinois, otherwise known and described as Lot Thirty-eight (38), and the West Third (1/3) of Lot Thirty-nine (39) in Block Three (3), in Douglas Park Addition to Chicago, situated in Cook County, Illinois, are hereby leased by said first parties to the said second party for a period beginning May 1st, 1909, to and including the 30th day of April, 1911, for and in consideration of the sum of Six Hundred Dollars ($600.00), payable in monthly instalments of Twenty-five Dollars ($25.00) during each and every month.

"Second: If by or before the last named date said first parties shall procure and deliver, or tender, to the said second party a good and sufficient warranty deed conveying to said second party a merchantable

title to the said premises, and otherwise carry out the terms of the contract dated March 9th, 1909, signed by said George J. Keenan and one Saul G. Lurie, hereinafter referred to as the Lurie contract, (by the latter assigned to the said Max Goodman), then the said leasing shall become and be null and void, and the payments of rent heretofore made on said leasing shall apply on account of the purchase price named in said Lurie contract.

"It is understood that the said Lurie contract is hereby modified to the extent of the terms hereof, and also to the effect that in place of three (3) installments of Six Hundred Dollars ($600) each, the payments shall be in thirty-six (36) monthly installments of Fifty Dollars ($50.00) each, evidenced by promissory notes.

"Third: It is understood and hereby agreed that said Goodman has heretofore expended on repairs and improvements on said premises, the total sum of Four Hundred sixty-three Dollars and eighty-two cents ($463.82), and has advanced to said first parties in cash the sum of Three Hundred and Seventy-five Dollars ($375.00), making a total advanced and expended to the date hereof on the part of the said second party in and about the foregoing of Eight Hundred Thirty-eight and 82/100 Dollars ($838.82), of which said amount the sum of Six Hundred Dollars ($600.00) is hereby applied in full payment of rents payable in said lease to the end of the term thereof, and the payment of such rents in full is hereby acknowledged.

"Fourth: Should the said second party be dispossessed of the said premises prior to the expiration of the term of said leasing, without fault or connivance on his part, then the unearned portion of said Six Hundred Dollars ($600.00) corresponding to the then unexpired term of said leasing shall, by the said party of the second part, be paid and refunded to the said first parties, together with the sum of Two Hundred Thirty-eight and 82/100 Dollars ($238.82), and such additional sum or sums as the said second party may hereafter pay on account of the interest, taxes and other carrying charges required for the maintenance of said premises, and to prevent default on the trust

deed indebtedness now a lien on said property, and referred to in said Lurie contract, and also, amounts which he may hereafter advance for repairs on said premises not to exceed the sum of Thirty-six and 18/100 Dollars ($36.18).

"Fifth: Said party of the second part hereby binds himself to advance and pay all such interests, taxes, carrying charges and repairs as are named in the preceding paragraph.

"Sixth: The said George J. Keenan has contemporaneously herewith made and executed his promissory note in the principal sum of Five Hundred Dollars ($500.00), payable without interest, on May 1st, 1911, to the order of said Max Goodman, and it is understood and hereby agreed that if title to the said property shall be, within the term herein named, conveyed or tendered to the said second party under the conditions hereinabove named, then the said note shall become and be null and void, and shall be cancelled and surrendered to the said George J. Keenan. Otherwise, the said note shall be paid according to its terms, deducting therefrom, however, such credits as the said George J. Keenan may then be rightfully entitled to; and until so paid, said second party shall be entitled to retain possession of said premises at same rate of rental, which may be credited on said note.

Dated at Chicago, Illinois, this 7th day of October, A. D. 1909.

GEORGE J. KEENAN (Seal)
MARY E. KEENAN, by
GEORGE J. KEENAN, her
Atty. in fact and Agent. (Seal)
MAX GOODMAN. (Seal)"

In December, 1910, after Mrs. Keenan had returned from Ireland, Goodman was notified that the parties were ready to execute and deliver a conveyance of the premises and close the transaction. Defendant in error procured an abstract of title to the premises and submitted it to Goodman's attorney, who made some objections, which were sought to be remedied. On December 24, 1910, the parties met in the office of Goodman's attorney, where a deed, mortgage and notes

were drawn, and the deed executed and acknowledged by defendant in error and her husband, and it was then understood that the transaction would be finally consummated on December 31st following. Thereafter, on several occasions defendant in error and her husband, sought an interview with Goodman with a view to closing the transaction, but for some reason not clearly apparent from the record were unsuccessful. On the night of January 17, 1910, defendant in error and her husband called at the residence of Goodman between 9 and 10 o'clock and tendered to Goodman a warranty deed of the premises and demanded from him his check for the amount due them. In response to such tender and demand Keenan testifies that, "Goodman only laughed and said he had bought a lemon, that I could not bluff him and told me to see his lawyer." Immediately thereafter upon the same occasion defendant in error and her husband delivered to Goodman a previously prepared written notice signed by them, declaring the contract of sale "null and void by reason of the failure and refusal" of Goodman to comply with its terms, demanding immediate possession of the premises. Based upon this notice suit in forcible entry and detainer was instituted by defendant in error against plaintiff in error two days later.

This judgment must be reversed for several reasons.

*First.* There was no demand by defendant in error upon plaintiff in error for the payment of any specific amount as due under the contract. While some inconsiderable amount may have been due, it was then unascertained and no attempt appears to have been made to ascertain the correct amount.

*Second.* The demand and notice was served upon plaintiff in error at an unseemly hour, when he had no reasonable opportunity to comply therewith. There was thus an attempt on the part of defendant in error to exercise the power of forfeiture unfairly and oppressively, and the mere failure of plaintiff in er-

ror to comply with the demand as made did not constitute a breach on his part.

*Third.* Strictly speaking, time is not of the essence of the contract. The contract contains no provision for the forfeiture by plaintiff in error of the money paid and advanced by him, as liquidated damages or as penalty, and defendant in error was not entitled to rescind without placing plaintiff in error in *statu quo.*

*Fourth.* The attempted rescission by defendant in error of the contract of sale having failed plaintiff in error continued to hold thereunder as a lessee with rent fully paid to the end of the term.

The judgment is reversed.

*Judgment reversed.*